IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TRAVIS BRADEN,**
**#B84749,**

        Plaintiff,

v.

**TODD HUNTER,** *et al.***,**

        Defendants.

Case No. 23-cv-00298-SPM

**MEMORANDUM AND ORDER**

**MCGLYNN, District Judge:**

This matter is before the Court on a motion to clarify and a motion for subpoenas and interrogatory forms filed by pro se Plaintiff Travis Braden. (Doc. 50, 51).

**MOTION TO CLARIFY**

In the Motion to Clarify, Plaintiff argues that Defendant Haynes' responses to Counts 5, 12, 13, and 14, as delineated by the Court in the Merit Review Order, are vague and unclear. (Doc. 50). These Counts are constitutional and state law claims stemming from allegations that Haynes rubbed oleoresin capsicum all over Plaintiff's face while Plaintiff was confined in a restraint chair. (Doc. 26, p. 3). In responding to Counts 5, 12, 13, and 14, Defendant Haynes answers that he denies that he violated the Fourteenth Amendment, used excessive force against Plaintiff, violated Illinois state law, or committed any tort by using oleoresin capsicum. (Doc. 40, p. 2). Plaintiff states that is not clear from the responses whether Haynes is admitting to the factual allegation that oleoresin capsicum was in fact used and asks the Court to order Defendants to be more specific. (Doc. 50, p. 1). Defendants did not respond to the motion.

Under Rule 8(b) of the Federal Rules of Civil Procedure, a party responding to a pleading

must state in "short and plain terms its defenses to each claim asserted against it ... and admit or deny the allegations asserted against it by an opposing party." FED. R. CIV. P. 8(b). "A denial must fairly respond to the substance of the allegation," and "[a]n allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." *Id.* Furthermore, pursuant to Administrative Order No. 244, when a complaint has been reviewed pursuant to 28 U.S.C. §1915A and the plaintiff is proceeding pro se, defendants are to answer "the issues stated in the Merit Review Order." Admin. Order No. 244.

In responding to Counts 5, 12, 13, and 14, Defendant Haynes denies liability, but he does not respond to the "the substance of the allegation." FED. R. CIV. P. 8(b)(2). His answers are insufficient and do not meet the requirements of Rule 8(b), as it "is not enough to simply make the blanket statement that [Plaintiff's rights] were not violated." *Thomas v. Duvall,* No. 16-cv-00451, 2019 WL 8013742, at *6 (M.D. Penn. Oct. 3, 2019) (finding that "the fact that the defendants denied 'any violation of the Plaintiff's constitutional rights' is not a sufficient response under Rule 8 because it does not 'fairly respond to the substance of the allegation.'"). In responding to the issues as stated in the Merit Review Order, Haynes "needed to either admit or deny the factual allegations." *Id.* Accordingly, the Motion to Clarify is **GRANTED**. (Doc. 50). On or before **May 30, 2024**, Defendants **SHALL** replead their Answer with the responses to Counts 5, 12, 13, and 14 amended to comply with Rule 8.

Plaintiff has also filed a motion requesting the Court to issue subpoenas and for interrogatory forms. (Doc. 51). As for the request for subpoenas, the Court has not yet entered a discovery scheduling order on the merits. Defendants have raised failure to exhaust administrative remedies prior to the initiation of this cause of action as an affirmative defense (Doc. 40), and it is the Court's procedure to stay discovery on the merits and enter a scheduling order regarding initial disclosures and the dispositive motion on failure to exhaust. Furthermore, the Court notes that

Plaintiff has not identified what information he is seeking and why he is unable to obtain the information directly from Defendants through initial disclosures. Because discovery on the merits will be stayed, the request for subpoenas is denied.

As for Plaintiff's request for interrogatory forms, this District does not have a standard form used for interrogatories. It is Plaintiff's responsibility to write the questions[1] that he would like defendants to answer, keeping in mind the merits discovery is currently stayed. Accordingly, the request for interrogatory forms is also denied, and the Motion Issuing Subpoenas is **DENIED** without prejudice. (Doc. 51).

**IT IS SO ORDERED.**

**DATED:   May 9, 2024**

    *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**

---

[1] Interrogatories are written questions sent to the other party and the party or person that receives them must give a written response back, under written oath. *See Garcia v. Deputy Sheriffs at S.W.D.C.,* No. 16-00611-R, 2017 WL 10562858, at *2 (C.D. Cal. Oct. 31, 2017).